# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JASON TAYLOR,**

    **Petitioner,**

**v.**                                              **Civil Action No. 3:08cv70**
                                                                     **(Judge Bailey)**

**COUNTY OF DEKALB, GA,**
**STATE OF GEORGIA ATTORNEY,**
**GENERAL, WARDEN-FCI GILMER,**

    **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the petitioner's § 2241 habeas corpus petition and the Government's Motion to Dismiss or, in the Alternative, to Transfer.

In the petition, the petitioner asserts that, pursuant to the Interstate Agreement on Detainers Act (IADA), DeKalb County, Georgia has lodged a detainer against him with the Bureau of Prisons ("BOP"), which hinders his ability to participate in rehabilitative programs such as halfway house placement. Moreover, the petitioner asserts that the Court must "rule in his favor" because he invoked his speedy trial rights and the "warrant" has not been enforced within 180 days. Thus, the petitioner seeks to have the detainer removed and any related charges dismissed.

In it's response to the petition, the government asserts that while the petitioner's presentence report indicates that the petitioner has outstanding charges pending in DeKalb County, Georgia, no detainer has been lodged with the BOP. Moreover, the government argues that any claims regarding the underlying Georgia warrant must first be exhausted in the Georgia state courts, or alternately, that those claims should be transferred to the district from which the detainer originates. Even though

a Roseboro Notice issued on June 4, 2008, advising the petitioner of his right to file a response to the Government's motion, the petitioner has not filed a response.

Upon a review of the government's attachments, it is noted that at the time the government filed it's motion to dismiss, the petitioner had a projected release date of August 2, 2008. A review of the inmate locator found on the BOP's website (www.bop.gov) on this date, shows that the petitioner was in fact released from incarceration on August 1, 2008. Thus, to the extent that the petitioner seeks removal of the detainer, assuming one exists, because it hinders his ability to participate in rehabilitative programs, that issue is moot. See Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996) (if developments occur during the course of a case which render the Court unable to grant a party the relief requested, the issue becomes moot).

In addition, to the extent that the plaintiff seeks dismissal of the charges against him under the IADA, that is an issue that must be exhausted in the courts of the state prior to a defendant seeking relief under federal habeas. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973). Moreover, as noted by the respondent, venue for such an issue is more appropriate in the district in which the detainer originates. See id. (Although an action pursuant to § 2241 is ordinarily brought in the district of confinement, an attack on an interstate detainer is most appropriate in the district in which the detainer originated.). Since the petitioner cannot show that the detainer originated in this district, or fact that any detainer actually exists, and concedes that he has not exhausted this issue in the courts of the state, dismissal of this action is appropriate.

Accordingly, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, Motion to Transfer (dckt. 11) be **GRANTED in part** and **DENIED in part**. More specifically, the undersigned recommends the following:

1) The respondent's Motion to Dismiss be **DENIED** as to the petitioner's request for removal of the alleged detainer which hinders his ability to participate in rehabilitative programs. Instead, those claims be **DISMISSED without prejudice as moot**;

2) The respondent's Motion to Dismiss be **GRANTED** as to the petitioner's request for the dismissal of his pending state charges for violations of the IADA because those claims are not exhausted and venue is not appropriate in this district.

3) The respondent's request for transfer be **DENIED** because the petitioner has failed to establish that the alleged detainer exists and for failure to exhaust.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner be certified mail, return receipt requested, to counsel of record via electronic means.

DATED: August 14, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE